**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2168**

CHARLEENE NOVIC,

Plaintiff - Appellee,

v.

CREDIT ONE BANK, NATIONAL ASSOCIATION,

Defendant - Appellant,

and

MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT LLC; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INCORPORATED,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:17-cv-00177-RDB)

Argued: October 31, 2018                        Decided: January 4, 2019

Before MOTZ, KEENAN, and HARRIS, Circuit Judges.

Vacated and remanded with instructions by unpublished opinion. Judge Keenan wrote the opinion, in which Judge Motz and Judge Harris joined.

**ARGUED:** Noah Adam Levine, WILMER CUTLER PICKERING HALE AND DORR, LLP, New York, New York, for Appellant. Scott C. Borison, LEGG LAW FIRM, LLP, San Mateo, California, for Appellee. **ON BRIEF:** Alan E. Schoenfeld, Stephanie Simon, WILMER CUTLER PICKERING HALE AND DORR, LLP, New York, New York, for Appellant. Peter A. Holland, Emanwel Turnbull, THE HOLLAND LAW FIRM, P.C., Annapolis, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

This case presents the issue whether the district court erred in denying a creditor's motion to compel arbitration of a dispute arising from a cardholder agreement. In accord with the Supreme Court's decision in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010), we focus our analysis on the language of the parties' arbitration provision delegating authority to the arbitrator, and answer the question whether that provision gave the arbitrator the power to decide which disputes are arbitrable. Upon our review, we conclude that the district court erred, because the cardholder agreement plainly empowers the arbitrator to decide any disputes arising from that agreement, including the threshold determination whether a particular dispute is arbitrable. We therefore vacate the district court's judgment and remand for further proceedings.

I.

Charleene Novic entered into a credit agreement to obtain a credit card (cardholder agreement) issued by Credit One Bank, N.A. (Credit One). The cardholder agreement contained an arbitration provision, requiring that the parties arbitrate any issues arising between them. In part, this arbitration provision stated:

> You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us . . . , be submitted to mandatory, binding arbitration. This arbitration provision is . . . . governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*

In addition, the arbitration provision contained supplementary language (the delegation clause), stating:

3

Claims subject to arbitration include, but are not limited to, disputes relating to . . . the *application, enforceability or interpretation* of this Agreement, including this *arbitration provision*. (emphasis added).

Novic accrued a past-due balance under the cardholder agreement. Credit One assigned Novic's account to a collection agent, and Midland Funding, LLC (Midland) eventually acquired the account. When Midland attempted to collect from Novic on the past-due account, she asserted that she was not responsible for the past-due balance due to fraudulent charges made to the account. Because Novic refused to pay the amounts due on the account, Midland filed suit in Maryland state court to collect the past-due balance (the collection action). At the conclusion of the collection action, the Maryland state court entered judgment in Novic's favor.

After obtaining that judgment, Novic initiated this lawsuit in Maryland state court against Credit One,[1] alleging a violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* Novic alleged that Credit One violated the FCRA by failing to conduct a reasonable investigation of her claim that she did not owe the past-due balance due to identity theft affecting her account. The case was removed to federal district court.

In the district court, Credit One moved to compel arbitration under the terms of the delegation clause of the arbitration provision. The district court denied the motion,

---

[1] In her complaint, Novic also named as defendants Midland, Midland Credit Management, LLC, Trans Union, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. These entities later were dismissed from the action.

concluding that Credit One lost its right to compel arbitration after assigning Novic's account for collection. Credit One now appeals.

## II.

On appeal, Credit One argues that the district court erred in denying Credit One's motion to compel arbitration. According to Credit One, the delegation clause in the arbitration provision is controlling and plainly states that an arbitrator, rather than the district court, should decide both the "gateway" question of arbitrability and the merits of the parties' dispute.

In response, Novic raises two main arguments. She contends that: (1) Credit One lost its right to compel arbitration of the present dispute when Credit One assigned the account for collection;  and (2) even if Credit One retained the right to compel arbitration, Credit One "defaulted," or waived, any such right by allegedly participating in the collection action. We agree with Credit One's position.

Our standard of review is well-established. We consider de novo the district court's denial of Credit One's motion to compel arbitration. *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 602 (4th Cir. 2013).

The parties' agreement to submit to arbitration is a commercial contract, which by its terms is subject to the provisions of the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq*. The FAA reflects Congress' intent that courts treat arbitration agreements the same as any other contracts and vigorously enforce them. *Rent-A-Center*, 561 U.S. at 67; *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 451 (4th Cir. 1997). Under substantive

5

federal law, an arbitration provision is severable from the other provisions in the parties'

contract. *Rent-A-Center*, 561 U.S. at 70-71 (citing *Buckeye Check Cashing, Inc. v.*

*Cardegna*, 546 U.S. 440, 445 (2006)).

As part of their agreement to arbitrate, parties may consent to arbitrate the

"gateway" issue of arbitrability, essentially allowing the arbitrator to determine his or her

own jurisdiction. *Rent-A-Center*, 561 U.S. at 68-69; *Carson v. Giant Food, Inc.*, 175

F.3d 325, 329 (4th Cir. 1999). However, when the parties disagree whether they have

delegated this authority to an arbitrator, that question of arbitrability must be answered by

the court. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649

(1986); *see also Peabody Holding Co. v. United Mine Workers of Am. Int'l Union*, 665

F.3d 96, 102 (4th Cir. 2012). The federal presumption generally favoring arbitration is

not applicable when a court determines *who* the parties intended to decide issues of

arbitrability. *Peabody*, 665 F.3d at 102; *Carson*, 175 F.3d at 329.

To place such power in an arbitrator's hands, the parties must agree, in "clear and

unmistakable" language, that an arbitrator will decide which disputes the parties have

agreed to arbitrate. *Carson*, 175 F.3d at 329 (quoting *AT&T Techs.*, 475 U.S. at 649).

We have explained that this "clear and unmistakable" standard is "exacting," and that a

general agreement to arbitrate disputes arising between the parties will not suffice to

establish the parties' intent concerning questions of arbitrability. *Simply Wireless, Inc. v.*

*T-Mobile US, Inc.*, 877 F.3d 522, 526 (4th Cir. 2017) (quoting *Peabody*, 665 F.3d at 102).

Thus, we routinely have rejected parties' attempts to rely on general contractual language

to submit questions of arbitrability to the arbitrator. *See Peabody*, 665 F.3d at 103;

6

*Carson*, 175 F.3d at 330. Accordingly, to meet the "clear and unmistakable" standard, an agreement must contain language specifically and plainly reflecting the parties' intent to delegate disputes regarding arbitrability to an arbitrator. *Peabody*, 665 F.3d at 103; *Carson*, 175 F.3d at 330-31.

A party may oppose a motion to compel arbitration by challenging the validity of the arbitration provision, including whether it delegates in "clear and unmistakable" terms the power to an arbitrator to decide issues of arbitrability. *See Rent-A-Center*, 561 U.S. at 70-71 & n.1. However, absent a challenge to the validity of such delegation, courts will not intervene in interpreting the parties' agreement. *Id.* Thus, a party's challenge to a different contract provision, or to the contract as a whole, will not prevent a court from submitting to the arbitrator the question of arbitrability. *Id.* at 71-72.

With these principles in mind, we turn to consider the language of the arbitration provision and its delegation clause found in the cardholder agreement. The delegation clause states, in material part, that "[c]laims subject to arbitration include . . . *the application, enforceability or interpretation of* [the cardholder agreement], *including this arbitration provision*." (emphasis added). This precise language stands in direct contrast to the broad wording of general arbitration provisions that we have rejected as not satisfying the "clear and unmistakable" standard. *See, e.g.*, *Peabody*, 665 F.3d at 103 (providing for arbitration of "[a]ny dispute alleging a breach of this" contract); *Carson*, 175 F.3d at 329 (requiring arbitration of "'any grievance or dispute aris[ing] between the parties regarding the terms of this Agreement' and any 'controversy, dispute or disagreement . . . concerning the interpretation of the provisions of this Agreement'").

7

In fact, the language in the delegation clause before us is similar in crucial respects to the language of the delegation clause at issue in *Rent-A-Center*, 561 U.S. at 68, 71. That delegation clause stated that "[t]he Arbitrator . . . shall have exclusive authority to resolve any dispute relating to the . . . *enforceability* . . . of this" agreement. *Id.* at 68 (emphasis added); *see also Carson*, 175 F.3d at 331 (explaining that parties who wish to let an arbitrator decide arbitrability should use language such as "all disputes concerning the arbitrability of particular disputes under this contract are hereby committed to arbitration"). Thus, both the delegation clause before us, and the delegation clause reviewed by the Supreme Court in *Rent-A-Center*, unambiguously require arbitration of any issues concerning the "enforceability" of the arbitration provisions entered into by the respective parties.

Notably, in the present case, Novic fails to advance any argument directly challenging the validity of the delegation clause. Instead, as stated above, she primarily argues that Credit One assigned its right to compel arbitration when it assigned Novic's past-due account to a third party for collection, and that Credit One waived or "defaulted" any right to arbitrate by allegedly participating in the collection action. Because Novic's arguments do not challenge the delegation clause but merely attack Credit One's rights under the cardholder agreement as a whole, her arguments are irrelevant to a determination of the validity of the arbitration provision and its delegation clause, which are severable from the remainder of the contract. *Rent-A-Center*, 561 U.S. at 70-74.

As the Supreme Court explicitly stated in *Rent-A-Center*, when a party to an arbitration agreement fails to challenge a provision plainly delegating issues of

8

arbitrability to an arbitrator, courts "must enforce [the agreement] under §§ 3 and 4 [of the FAA], leaving any challenge to the validity of the [a]greement as a whole for the arbitrator." *Id.* at 72. Accordingly, because Novic has failed to challenge the delegation clause specifically, and because that clause "clearly and unmistakably" places questions of arbitrability within the province of the arbitrator, the district court erred in denying Credit One's motion to compel arbitration. The issues advanced by Novic in the present appeal are matters for the arbitrator, rather than for a court, to decide. *Cf. id.* at 73-74 (concluding that a challenge to the arbitration agreement as unconscionable was for the arbitrator to decide).

## III.

For these reasons, we vacate the district court's judgment, and remand the matter to the district court for entry of a stay of court proceedings under 9 U.S.C. § 3, and for an order compelling arbitration of all issues under 9 U.S.C. § 4.

*VACATED AND REMANDED*
*WITH INSTRUCTIONS*